UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Michael Hopkins, | ) | Civil No. 15cv788 JLS (PCL) |
| Plaintiff, | )<br>)<br>) | **CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY** |
| v. | )<br>) | **AND OTHER PRETRIAL PROCEEDINGS** |
| R. Bustos et al., | )<br>) | (Fed. R. Civ. P. 16) |
| Defendants. | )<br>) | (Local Rule 16.1)<br>(Fed. R. Civ. P. 26) |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference was held on February 2, 2016. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be *filed* on or before March 18, 2016.

2. The parties shall designate their respective case-in-chief experts in writing by May 2, 2016. Rebuttal experts shall be designated on or before May 16, 2016. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. Each expert witness designated by a party shall prepare a written report to be provided

to all other parties **no later than July 15, 2016**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

4. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before July 29, 2016.

**Please be advised that failure to comply with expert discovery or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. Rule 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

5. <u>All</u> discovery, including experts, shall be completed by all parties on or before September 9, 2016.

"*Completed*" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the time for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of Magistrate Judge Peter C. Lewis no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

6. All other pretrial motions must be filed **<u>SO AS TO BE HEARD</u>** on or before October 14, 2016.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **<u>Be further advised that the period of time between the date you request a motion date and the hearing date may be up to three or more months. Please plan accordingly</u>**. For example, you may have to contact the judge's law clerk three or more months in advance of the motion cutoff to calendar the motion. Failure to timely request a motion date may result in the motion not being heard. **<u>Motions will not be heard on the above date unless you have obtained that date from the judge's law clerk.</u>**

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed

twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

7. A Mandatory Settlement Conference shall be conducted on July 7, 2016, at 10:00 a.m., in the chambers of Magistrate Judge Peter C. Lewis located at 2003 West Adams Ave., El Centro. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than seven days prior to the Settlement Conference. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.** Parties may email the briefs to efile_lewis@casd.uscourts.gov.

8. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on ex parte application at least one day before the scheduled settlement conference, Magistrate Judge Lewis may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

9. Counsel shall make their Pretrial Disclosures required by Fed. R. Civ. P. 26(a)(3) on

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

or before November 10, 2016.

10. Counsel may object to Pretrial Disclosures on or before November 17, 2016.

11. On or before November 23, 2016, counsel shall meet and take the action required by Local Rule 16.1(f)(4).

12. The Proposed Final Pretrial Conference Order shall be prepared, served, and lodged with the Hon. Janis Sammartino on or before the time and date specified by Civil Local Rule 16.1(f)(6)(b).

13. The final Pretrial Conference is scheduled on the calendar of the Hon. Janis Sammartino on December 8, 2016, at 1:30 p.m.

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATE:     February 23, 2016

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

Copy to:   The Honorable Sammartino
           All Parties and Counsel of Record