UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Hopkins,<br><br>               Plaintiff,<br>v.<br><br>R. Bustos et al.,<br><br>               Defendants. | Civil No. 15cv788 JLS (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 33)** |

    Now before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. 33.)

    The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

1    In his motion, Plaintiff argues that he is unable to afford counsel and that the issues are too
2 complex for him to handle. (Doc. 33, at 2.) He also states that he is developmentally disabled and is
3 mentally ill. (Doc. 33, at 5.)
4    The court held a case management conference on February 2, 2016. At the conference, Plaintiff
5 was out of the hospital and in a different prison (CDCR Los Angeles County Lancaster).  He was
6 represented by a "jailhouse lawyer" and appeared capable and ready to prosecute his case. Although
7 Plaintiff may be disabled in some way, he does not appear to be incompetent to prosecute his case. (See
8 Travalini v. People of California, 2006 WL 842435, at * 3 (E.D. Cal. March 28, 2006) ("Although
9 illiteracy may prohibit a defendant from understanding and appreciating written communications, it does
10 not, standing alone, inhibit a defendant who has no history of mental retardation (or other mental
11 illnesses that affect a person's faculties) from understanding verbal communications. The Court agrees
12 with precedent from other circuit courts that hold that illiteracy does not invariably equate with legal
13 incompetence.") Plaintiff has not given the Court any additional evidence that his disability has hindered
14 his ability to handle his case. Furthermore, at this stage in the litigation, the Court simply cannot make a
15 finding that Plaintiff's claims have a sufficient likelihood of success on the merits to warrant the
16 appointment of counsel. Thus, the Court DENIES Plaintiff's request for counsel without prejudice, as
17 neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time
18 under the circumstances laid out by Plaintiff in his motion.  LaMere v. Risley, 827 F.2d 622, 626 (9th
19 Cir. 1987); Terrell, 935 F.2d at 1017.
20    Plaintiff's Motion for Appointment of Counsel is DENIED.
21    IT IS SO ORDERED.

DATED: June 14, 2016

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

2