UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Hopkins,<br><br>            Plaintiff,<br>v.<br><br>R. Bustos et al.,<br><br>            Defendants. | Civil No. 15cv788 JLS (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br>**(Docs. 48, 58)** |

    Now before the Court are Plaintiff's Motion for Appointment of Counsel (Docs. 48 and 58) and motion for recusal (Doc. 58).

    The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In his motions, Plaintiff argues that he is entitled to counsel because he is a mental health litigator. (Doc. 48, at 2.) He argues that he is entitled to counsel because of his "EOP status" and his designation as developmentally disabled. (Doc. 58, at 2.)

Although Plaintiff may be disabled in some way, he does not appear to be incompetent to prosecute his case as he has been able to articulate his claims to this Court both in writing and orally over the telephone. (See Travalini v. People of California, 2006 WL 842435, at * 3 (E.D. Cal. March 28, 2006) ("Although illiteracy may prohibit a defendant from understanding and appreciating written communications, it does not, standing alone, inhibit a defendant who has no history of mental retardation (or other mental illnesses that affect a person's faculties) from understanding verbal communications. The Court agrees with precedent from other circuit courts that hold that illiteracy does not invariably equate with legal incompetence.") Moreover, at this stage in the litigation, the Court simply cannot make a finding that Plaintiff's claims have a sufficient likelihood of success on the merits to warrant the appointment of counsel. Thus, the Court DENIES Plaintiff's requests for counsel without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time under the circumstances laid out by Plaintiff in his motions. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

Plaintiff's Motions for Appointment of Counsel are DENIED.

Plaintiff's motion for recusal of the magistrate judge is also DENIED. Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiff bases his motion for recusal on the fact that this Court has failed to appoint him counsel. (Doc. 58.) Matters arising from judicial proceedings are not a proper basis for recusal absent bias on the part of the judge. See Liteky v. U.S., 510 U.S. 540 (1994). The judge is not biased against Plaintiff in any way.

IT IS SO ORDERED.

DATED: September 15, 2016

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

2