1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12  Michael Hopkins,                              )   Civil No. 15cv788 JLS (PCL)
                                                  )
13                          Plaintiff,            )
                                                  )
    v.                                            )   **ORDER DENYING PLAINTIFF'S**
14                                                )   **MOTION TO AMEND (Doc. 62)**
    R. Bustos et al.,                             )
15                                                )
                                                  )
16                          Defendants.           )
    _____          )

17

18  I. INTRODUCTION

19       On August 26, 2016, Plaintiff Michael Hopkins filed a motion for leave to amend his complaint to

20  add at least seven new defendants and three new claims based on facts that are unrelated to Plaintiff's

21  original complaint. (Doc. 62.) The Court reviewed the motion and supporting documents and deter-

22  mined that this matter is suitable for decision without oral argument.

23       For the reasons set forth below, Plaintiff's motion to amend the complaint is DENIED.

24  II. PROCEDURAL HISTORY

25       Plaintiff filed his complaint on April 9, 2015 against Defendants R. Bustos, correctional officer, J.

26  Mooky, Correctional nurse, Daniel Paramo, Correctional Warden, and Jeffrey Beard, Secretary of the

27  CDCR. (Doc. 1, at 2.) Service of the complaint has been executed as to Daniel Paramo and Jeffrey

28  Beard, but not as to J. Mooky or R. Bustos. (Docs. 7-10.) Daniel Paramo and Jeffrey Beard answered the

complaint on July 29, 2015. (Doc. 11.) In his Complaint, Plaintiff alleges deliberate indifference to his medical needs after Defendant Bustos refused to help Plaintiff after Plaintiff attempted suicide by cutting himself. (Doc. 1, at 4.) Plaintiff claims that after Bustos and Mooky left, the prison first watch staff then immediately determined that he was suicidal and admitted him to the crisis bed on suicide watch. (Id.) Plaintiff also claims a violation of due process because Defendants Paramo and Beard refused to allow him to participate in the prison's Developmentally Disabled Program. (Doc. 1, at 6.)

On February 23, 2016, the Court issued a scheduling order regulating all discovery and pretrial proceedings. (Doc. 24.) Pursuant to the scheduling order, the motion to amend cutoff date was set for March 18, 2016. (Doc. 24, at 1.) The scheduling order also set a discovery deadline of September 9, 2016, a pre-trial motion filing date of October 14, 2016, and a pre-trial conference date of December 8, 2016 before Judge Sammartino. (Doc. 24.)

Plaintiff filed numerous requests for appointment of counsel. (Docs. 6, 18, 20, 33, 48, 58.) The Court denied Plaintiff's requests, finding that Plaintiff is not entitled to an attorney in a civil matter given that he is able to articulate his claims both in writing and verbally and, despite his disability, is coherent and able to represent himself with the documented assistance he has been receiving from prison staff under the Developmentally Disabled Program.

On August 26, 2016, Plaintiff filed a motion to amend his complaint to add several new defendants and new claims. (Doc. 62.) Plaintiff wishes to add the following CDCR staff: C. Meza, A. Buenrostro, R. Solis, R. Davis, S. Brown, S. Rink, and M. Hobby. (Doc. 62, at 4-5.) In the proposed complaint, Plaintiff claims that in January 2014, Buenrostro, Meza, and Bustos called Plaintiff a child molester. (Doc. 62, at 7.) Plaintiff claims that an unknown officer messed up his wrist badly. (Id. at 8.) Plaintiff claims that R. Davis refused to give him a "cell move." (Id. at 11.) Plaintiff claims that Meza did not allow Plaintiff to attend church services because of his "A2-B" status and that Meza and Bustos did not let him go to his job assignment in retaliation for filing appeals against them. (Id. at 14-15.) Plaintiff claims that Meza and Bustos beat Plaintiff in his cell. (Id. at 16.) Plaintiff claims that he became fed up with being assaulted and the threats that he decided to commit suicide on August 24, 2014. (Id. at 18.) He claims that he began to cut himself. (Id.) Plaintiff claims that Bustos and Mooky refused to help Plaintiff after he began hurting himself. (Id. at 20.) Plaintiff claims that after Bustos and Mooky left, the

2

prison first-watch staff then immediately determined that he was suicidal and admitted him to the crisis

bed on suicide watch. (Id. at 20.) Plaintiff also claims a violation of due process because Defendants

Paramo and Beard refused to allow him to participate in the prison's Developmentally Disabled

Program. (Id. at 22.) Plaintiff claims that officer Solis had Plaintiff handcuffed for filing appeals against

other officers. (Id. at 25.) Plaintiff finally claims that officer Hobby ordered Plaintiff into Ad-Seg as

retaliation for a fabricated allegation by Officer Rink regarding a DVD player. (Id. at 26.) On these

facts, Plaintiff alleges violations of his rights under the First Amendment, Eighth Amendment, Due

Process, and Equal Protection. (Id. at 26-29.)

III. DISCUSSION

    A. Legal Standards

    1. Standard for Amending the Pleadings under Federal Rule of Civil Procedure 16(b)

    Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order

that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed.

R. Civ. P. 16(b)(4). Once in place, "[a] schedule may be modified only for good cause and with the

judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers

the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met

despite the diligence of the party seeking the extension." Id. (internal citation and quotation marks

omitted).

    Good cause may be found to exist where the moving party shows, for example, that it: 1) is unable

to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable

at the time of the scheduling order; or 2) was diligent in seeking an amendment once the party

reasonably knew that it could not comply with the scheduling order. "If [the] party was not diligent, the

inquiry should end." Johnson, 975 F.2d at 609. If the Court finds that there is good cause to modify the

schedule, the Court then turns to Rule 15(a) to determine whether the amendment sought should be

granted. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("As the Ninth Circuit

explained in [Johnson], once the district court has filed a pretrial scheduling order pursuant to Rule 16

1   which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed

2   first by Rule 16(b), and only secondarily by Rule 15(a).").

3          2. Standard for Amendment under Federal Rule of Civil Procedure 15(a)

4          Federal Rule of Civil Procedure 15 provides that a party may amend its pleadings only by leave of

5   court or by written consent of the adverse party and that leave shall be freely given when justice so

6   requires. Fed. R. Civ. P. 15(a)(1-2). The factors commonly considered to determine the propriety of a

7   motion for leave to amend are: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; and 4)

8   futility of the amendment. Forman v. Davis, 371 U.S. 178, 182 (1962).

9          B. Analysis

10         The Court issued a scheduling order on February 23, 2016, and set deadlines, including the motion

11  to amend cutoff date of March 18, 2016. All of the pre-trial deadlines have passed at this point, with the

12  exception of the pre-trial motion filing date of October 14, 2016 and the pre-trial conference date of

13  December 8, 2016. The Court would be required to extensively modify the scheduling order to allow

14  Plaintiff to add several new parties and new causes of action that do not totally relate to the original

15  Complaint filed by Plaintiff on April 9, 2015.

16         As noted above, "[a] schedule may be modified only for good cause and with the judge's consent."

17  Fed. R. Civ. P. 16(b)(4). Whether good cause exists to modify a scheduling order rests on whether the

18  party seeking the modification has been diligent. See Johnson, 975 F.2d at 609. Here, Plaintiff has not

19  been diligent seeking amendment.

20         During the course of this lawsuit, Plaintiff has been placed in the prison's Developmentally

21  Disabled Program, in which Plaintiff has had the assistance of counselors to help him with his legal

22  research and court filings. Under this program, however, Plaintiff is not entitled to an attorney. Nor is

23  Plaintiff entitled to an attorney under federal civil law, as Plaintiff has shown competence to this Court

24  in articulating his claims both in writing and orally despite his disability. It is Plaintiff's responsibility to

25  prosecute his case according to the rules of the Court and federal law. At this late stage in the litigation

26  process, Plaintiff has not shown good cause for modifying the scheduling order to add several new

27  parties and new claims that are mostly unrelated to the original complaint. As Plaintiff cannot show that

28  he has been diligent in seeking amendment, the Court cannot conclude that there is good cause to

1  modify the scheduling order, which would necessitate the need to reopen discovery, set new motion

2  filing deadlines, and reschedule the pre-trial conference dates. See Solomon v. N. Am. Life & Cas. Ins.

3  Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming district court's denial of motion to amend pleadings

4  filed on the eve of the discovery deadline).

5       While good cause does not exist under Rule 16(b) to amend the pleadings, the Court nonetheless

6  analyzes whether, even if good cause did exist, the proposed amendments could be granted under Rule

7  15(a). The Court finds that the proposed amendments are not warranted under Rule 15(a).  Firstly,

8  Plaintiff's proposed amended complaint is highly prejudicial. Based on the current schedule in this

9  action, the proposed new parties have no time to conduct discovery or otherwise develop their defenses

10  without a major extension of scheduling deadlines, which would be prejudicial to the attorney for the

11  government who has already prepared her pre-trial summary judgment motion. (Doc. 63.) Moreover,

12  there is undue delay in Plaintiff's seeking amendment at this point in the case; Plaintiff could have

13  included all of the new parties and new claims in the original Complaint and he has provided no

14  satisfactory reason why he did not do so at that time. Finally, Plaintiff's proposed amendments are

15  unrelated to the current lawsuit, which at this point only includes the two served defendants in this case,

16  Daniel Paramo, the correctional warden at R.J. Donovan State Prison, and Jeffrey Beard, the Secretary

17  of CDCR regarding the Due Process claim for their refusal to accommodate Plaintiff in the Develop-

18  mentally Disabled Program. (Doc. 1, at 7.)

19       Accordingly, as Plaintiff has not been diligent in seeking amendment, Plaintiff's motion to amend

20  the complaint is DENIED under Fed. R. Civ. P. 15(a).

21       IT IS SO ORDERED.

22  DATED: September 15, 2016

23

24

25  Peter C. Lewis

26  U.S. Magistrate Judge

27  United States District Court

28

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28