# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOPKINS,<br><br>                 Plaintiff,<br><br>v.<br><br>R. BUSTOS, et al.,<br><br>                 Defendants. | Case No.: 15-CV-788 JLS (PCL)<br><br>**ORDER (1) OVERRULING OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 81) |

Presently before the Court are: (1) Defendants Jeffrey Beard[1] and Daniel Paramo's Motion for Summary Judgment ("MSJ," ECF No. 63); (2) Magistrate Judge Peter C. Lewis's Report and Recommendation ("R&R") advising that the Court should grant Defendants' MSJ, (ECF No. 81); and Plaintiff's Objections to the R&R, ("R&R Objs.," ECF No. 85). Defendants did not file a reply in opposition to Plaintiff's Objections. After considering the parties' arguments and the law, the Court (1) **OVERRULES** Plaintiff's

---

[1] The Court hereby substitutes the current Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Scott Kernan, for former Secretary Beard on Plaintiff's official capacity claim. *See* Fed. R. Civ. P. 25(d). However, for ease of reference and to preserve continuity in assessing the matters before the Court, the Court considers Plaintiff's factual allegations against Defendant Beard.

1

Objections, (2) **ADOPTS** the R&R in its entirety, and (3) **GRANTS** Defendants' Motion for Summary Judgment.

## BACKGROUND

Judge Lewis's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion for Summary Judgment. (*See* R&R 1–9[2].) This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

### I. Summary of the R&R Conclusion

On May 4, 2015 Plaintiff filed a Complaint against various defendants for alleged violations of his civil rights. (Compl., ECF No. 1.) Plaintiff accuses the moving Defendants of violating his due process rights under the Fourteenth Amendment by denying him admittance into the Developmentally Disabled Program ("DDP") which would have allegedly enabled him to file grievances against correctional staff while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD"). (Compl. 5–7.) On September 14,

---

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

2016 Defendants filed a Motion for Summary Judgment arguing that (1) neither Beard nor Paramo violated Plaintiff's due process rights, and (2) Plaintiff's claim is moot. (*See generally* MSJ.)

Judge Lewis concluded that Defendants did not violate Plaintiff's due process rights and thus recommends that the Court grant Defendants' MSJ. While Plaintiff argues that Defendants denied him access into the DDP, Judge Lewis notes that the evidence shows the opposite—that Plaintiff initially failed to test into the program, was still able to file grievances, and was eventually placed into the DDP. (R&R 12–13.) Thus, Judge Lewis found that there was no liberty interest at stake wherein process was constitutionally due. (*Id.* at 13.)

## II. Summary of Plaintiff's Objections

Plaintiff's objections appear to be buried at page 196 of his 213-page filing.[3] (R&R Objs. 196.) Liberally construing Plaintiff's filing, it appears that he objects to Judge Lewis's apparent failure to consider certain evidence in issuing his R&R. (*See, e.g.*, *id.* at 197 (listing the bases for Plaintiff's Objections).)

## III. Court's Analysis

The Court will review, *de novo*, each part of Judge Lewis's R&R to which Plaintiff objects.

First, Plaintiff objects to the fact that "Defendants have violated his Due Process Rights in multiple violations as alleged in his complaint in which [the R&R] seems not to encompas[s] and recognize." (*Id.* at 197.) However, Plaintiff does not identify which facts in his Complaint were allegedly ignored by Judge Lewis. More fundamentally, however, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that

---

[3] The first several pages of his filing appear to be his account of the events that have thus far transpired without any reference to his actual objections, followed by over one hundred pages of exhibits. (*See generally* R&R Objs.)

there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Accordingly, the Court **OVERRULES** Plaintiff's first Objection.

Second, Plaintiff similarly objects to Judge Lewis's alleged failure to discuss these violations as set forth in Plaintiff's response in opposition to Defendants' Motion for Summary Judgment. (R&R Objs. 197.) As above, Plaintiff fails to identify what facts in particular Judge Lewis allegedly failed to consider. Instead, Plaintiff appears to discuss general legal principles, (*id.* at 197–200), asserts in a conclusory fashion that he "clearly demonstrates that" his rights were violated, (*id.* at 200), and then appears to attach a verbatim copy of his response in opposition to Defendants' Motion for Summary Judgment, (*compare id.* at 201–08, *with* ECF No. 76, at 5–12). This is insufficient to demonstrate that Judge Lewis failed to consider any <u>particular</u> evidence. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) therefore <u>requires the nonmoving party to</u> . . . <u>designate 'specific facts</u> showing that there is a genuine issue for trial.'" (emphases added)); *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) ("A party opposing summary judgment must direct our attention to specific, triable facts. General references without page or line numbers are not sufficiently specific." (citations omitted)); Fed. R. Civ. P. 56(c)(1)(A) (requiring parties to cite to "particular parts of materials in the record").

Moreover, contrary to Plaintiff's objection, the record reflects that Judge Lewis considered Plaintiff's allegations in relation to the record evidence. According to Judge Lewis:

> Here, Plaintiff alleges that Defendants Warden Paramo and Secretary Beard ignored his developmental disability and did not provide him with adequate assistance to file grievances with the prison. Plaintiff argues that because he was deemed mentally incompetent to stand trial for a short period of time before successfully being tried and convicted he should have been considered developmentally disabled for purposes of receiving prison assistance with reading and writing. Defendants have put forth evidence that Plaintiff was tested for placement in DDP at the start of his current sentence in 2012 and that he did not get a low enough score to be placed in the program. (Doc. 63-8, at 2, Decl. Pope at ¶ 3.) Starting in March 2014, Plaintiff filed numerous

> administrative appeals regarding his desire to be classified as a DDP inmate and eventually received a favorable response from the prison, the record shows. (Decl. of Robinson at ¶ 9.) Defendants have shown that Plaintiff was retested for DDP assistance and given a *Clark* Adaptive Support Evaluation (CASE) at the California Institution for Men on January 27, 2015. (Doc. 63-5, at 11, Exhibit 4 to Decl. Custodian of Records.) Following this evaluation, Defendants have provided evidence that he was placed in the DDP program at the DD2 level, meaning he may need occasional prompts to initiate or complete self-care and daily life activities; he may need adaptive supports and additional supervision for appropriate interaction with others, following rules, and avoiding social isolation; and he may need help in reading, writing, and preparing documentation. (Id.; Doc. 63-8, at 12, Exhibit 3.) After Plaintiff was designated as a DDP inmate, he has been incarcerated at Donovan from February 5, 2015 to February 26, 2015, and then from March 6, 2015 to April 21, 2015, and then from March 7, 2016 to March 26, 2016. (Doc. 63-8, at 4-5, Decl. Pope at ¶ 10.) While being held at Donovan during these times, Plaintiff has received accommodations in accordance with the *Clark* Remedial Plan including assistance in reading and completing forms and documents, such as inmate appeals, Form 22 Requests for Interview, and other documents. (Id.) Furthermore, Defendants have put forth evidence that they did not interfere with Plaintiff's access to the inmate appeals process. Since the beginning of his incarceration with CDCR on July 15, 2012, Plaintiff has filed more than thirty health care appeals. (Doc. 63-9, at 3-4, Decl. Robinson at ¶ 8 and Exhibit 1.) About half of his health care appeals have been either granted or partially granted at different levels of review. (Id.) And Plaintiff has taken thirteen of those appeals to the third level of review. (Id.)

(R&R 12–13.)

Based on this evidence, Judge Lewis concluded that Defendants did not violate Plaintiff's due process rights. Specifically, Judge Lewis found that

> [f]rom the evidence presented by Defendants, the Court does not detect facts that implicate a liberty interest at stake, which is the heart of Plaintiff's sole claim under consideration against Defendants in this motion for summary judgment. Plaintiff alleges that he was prevented from filing inmate appeals because of his disability in violation of Due Process, but the record shows that Plaintiff was able to file administrative appeals sans DDP status through the help of other inmates according to Plaintiff's own admission. (Doc. 80, at 28.) With or without help, Plaintiff filed over thirty inmate appeals and took thirteen of those appeals to the third level of review. (Doc. 63-9, at 3-4, Decl. Robinson at ¶ 8 and Exhibit 1.) Although Plaintiff has also put forth evidence

where he is quoted saying, "Custody retaliated on me for writing 602s," this merely colorable evidence does not flesh out any specific details of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"[footnote] that has been caused by the prison's long delay in classifying Plaintiff as an DDP inmate. As Plaintiff has been free to file inmate appeals and has been granted what he has requested – DDP status – before the filing of this lawsuit, this Court fails to detect a liberty interest at stake in where process is constitutionally due. (Doc. 63-8, at 4, Decl. Pope at ¶ 9; Doc. 63-8, at 30, Exhibit 6.)

(*Id.* at 13–14.) Based on the record evidence, the Court agrees with Judge Lewis that "the evidence shows that there isn't a genuine issue of material fact in Plaintiff's Due Process claim, [and thus] Defendants Warden Paramo's and Secretary of CDCR's summary judgment motion on this sole operative claim in Plaintiff's complaint should be granted." Accordingly, the Court **OVERRULES** Plaintiff's second Objection.

Furthermore, after review of the moving papers and Judge Lewis's R&R the Court finds "that there is no clear error on the face of the record" and thus the Court may "accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell*, 510 F.2d at 206). Accordingly, the Court **ADOPTS** Judge Lewis's R&R in its entirety and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 63).

## CONCLUSION

For the reasons stated above, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** Judge Lewis's R&R in its entirety, and (3) **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 63).

**IT IS SO ORDERED.**

Dated: June 20, 2017

Hon. Janis L. Sammartino
United States District Judge